# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 4, 1920.

---

DORA FISCHER

VS.

LINWOOD AMUSEMENT CO., ET AL.

---

*Allen M. Bryant, Ralph Robinson* and *W. Melbourne Hart* for plaintiff.

*George A. Finch* for defendant.

DAWKINS, J.—

The ninth paragraph of the bill charges conspiracy and violation of the by-laws by the defendant and that they also conspired to hold the books, etc., and usurp the offices of the company. The books have been delivered as announced at the beginning of the hearing, and that is not now an issue. The testimony has shown that the retiring president, one of the plaintiffs here, knew, or could have known, where the books were.

It does not appear from the testimony that the putting of Mr. Fischer

out of the place had anything to do with examining the books, as Mr. Fischer said that he was "nosing" around to see if things were crooked. He did not say then that he wanted to examine the books, and the evidence is undisputed that he did have a portion of the books in his possession for a long time prior to the filing of the bill.

There is no evidence to establish any sort of conspiracy. The testimony offered by the plaintiff indicates that he has not always been in accord with the method of distributing the stock and the method of handling the affairs of the company.

The usurpation of the offices has not been established. There is no testimony to show that the company did not distribute the dividends according to law. So far as this case goes, although it is referred to in the particular paragraph we are considering, there is no proven misappropriation and there is no proof of concealment, and it follows as a corollary there is no fraud.

There is no testimony to show improper diversion of funds to other parties or companies. None of the things alleged and for which relief is prayed for in the amended bill seem to have been in any way established such as diverting the company's money or paying debts of other theatres. That being true it does seem that the relief here sought, even under the amended bill, cannot be granted.

If there is anything left at all it is the refusal to give access to the books. That, of course, has been answered in the beginning of the case. There was no refusal to give to them access.

There has been no definite demand shown to have been made either in writing or otherwise prior to the filing of the bill, on behalf of the plaintiff to examine the books.

Of course, stockholders have certain rights, but certainly they cannot be heard to say that a corporation should always do just what each one wants it to do.

The president of this company, having put in as much money as he has put in—might think he should have some larger say in the administration, but the testimony certainly discloses

that he was not without fault in his administration.

The question after all is that the court has no right to say that because forsooth competent men—(and they are competent men for there are none in whose competency the court has more confidence than it has in Mr. Gillespie and his associates)—say a certain method of bookkeeping is best that that is the only right and honest way to keep books. Certainly the court could not say because forsooth these gentlemen thought that ticket numbering should be done in a particular way or that payrolls should be kept in a different way from the one used by this company and the other questions suggesting improper bookkeeping should be changed, that that necessarily gives the court a right to say it must be done in the way they prescribe, especially is this true when we consider that the testimony shows an entire absence of fraud. In fact it is conceded by the plaintiff's counsel that no fraud has been proven. Whether the methods followed could have been improved upon or not there is no theory of the law that would justify the court in saying that because the bookkeeping was not done in a certain way that that entitles a stockholder to come into court and say that books have to be kept in some definite manner.

There might have been some additional checking advisable in regard to the tickets but it may be easily seen how job lots of tickets could be properly used. There is nothing in the skipping of ticket numbers to indicate that there is any possible fraud. There does not appear to be anything in the case that would justify the court in attempting to place on these defendants any costs.

This plaintiff may have felt that he was not properly treated. The testimony has shown that the company acted fairly—at least honestly—whether they dealt kindly or unkindly with a man owning a large interest in it is not for the purposes of the case now before the court necessary to inquire.

Nothing has been established in this case to justify the court in fixing the costs on these defendants. The court is prepared to dismiss the bill and let the costs follow the usual practice.